# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

XPANDORTHO, INC., a Delaware corporation; EXACTECH, INC., a Florida corporation,

Plaintiffs,

v.

ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER, INC., a Delaware corporation; ZIMMER U.S., INC., a Delaware corporation doing business as ZIMMER BIOMET SOUTHERN CALIFORNIA; ORTHOSOFT ULC, a Canadian corporation doing business as ZIMMER CAS,

Defendants.

Case No.:  3:21-cv-00105-BEN-KSC

**ORDER GRANTING JOINT MOTION TO STAY**

**[ECF No. 61]**

## I.    INTRODUCTION

Plaintiffs XpandOrtho, Inc., a Delaware corporation ("XPandOrtho"), and Exactech, Inc., a Florida corporation ("Exactech") (collectively, "Plaintiffs") bring this action against Defendants Zimmer Biomet Holdings, Inc., a Delaware corporation; Zimmer, Inc., a Delaware corporation; Zimmer US, Inc., a Delaware corporation doing business as Zimmer Biomet Southern California; and ORTHOsoft ULC, a Canadian corporation doing business

1   as Zimmer CAS (collectively, "Defendants") for alleged misuse of confidential

2   information, unfair competition, breach of contract, and copyright infringement.  ECF No.

3   34.  Before the Court is the Joint Motion to Stay.  ECF No. 61.  After considering the papers

4   submitted, documentation, and applicable law, the Court **GRANTS** the Joint Motion.

5   **II.    BACKGROUND**

6          A detailed factual and procedural history of this case is set forth in the Court's order

7   on June 29, 2021, in *Xpandortho, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 3:21-cv-

8   00105-BEN-KSC, 2021 WL 2665606, at *1 (S.D. Cal. June 29, 2021), as well as the

9   Court's previous order, ECF No. 60, and is incorporated herein.

10         On July 30, 2021, Defendants filed a (1) Motion to Dismiss and Strike Portions of

11  the FAC, ECF No. 44; (2) Motion for Leave to Allow the Non-Electronic Filing of Exhibits

12  (Exhibits G and O to Defendants' Motion to Dismiss), ECF No. 45; and (3) Motion for

13  Leave to File Documents Under Seal, ECF No. 46.

14         On August 24, 2021, Plaintiffs filed (1) an Opposition to Defendants' Motion, ECF

15  No. 48; (2) a Request for Judicial Notice, ECF No. 49; and (3) a Motion for Leave to File

16  Portions of Their Opposition Under Seal.  ECF No. 51.

17  On August 31, 2021, Defendants filed a (1) reply brief, Reply, ECF No. 55, and (2) Motion

18  for Leave to File the Reply Under Seal, ECF No. 56.

19         On September 1, 2021, the Court took all currently pending motions under

20  submission.  ECF No. 58.  However, on October 19, 2021, the Court granted the parties'

21  Joint Motion to Stay Proceedings, ECF No. 58, staying the case pending completion of

22  mediation, ECF No. 60.  On December 20, 2021, the parties filed another Joint Motion,

23  seeking to extend the stay of this case up to and including December 23, 2021.

24  **III.   LEGAL STANDARD**

25         A court's decision to grant a stay is discretionary, "dependent upon the

26  circumstances of the particular case."  *Nken v. Holder*, 556 U.S. 418, 432 (2009).  The

27  movant bears the burden of showing the circumstances justifying a stay.  *Id.* at 433-34; *see*

28  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  A court may stay proceedings incidental to its

power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

## IV.  **DISCUSSION**

The parties indicate that they participated in voluntary mediation on November 4, 2021, and continued settlement discussions in the weeks following.  ECF No. 61 at 2:25-3:1.  Although they did not reach a settlement, they desire to continue settlement discussions and ask the Court to stay this case until December 23, 2021.  *Id.* at 3:1-3.

Given the purpose of the stay is to facilitate settlement, and neither party opposes the stay, the Court grants the stay after concluding that (1) little to no damage will result from the stay, (2) no parties will suffer inequity as a result of the stay, and (3) the orderly course of justice measured in terms of simplifying issues warrants granting the stay. However, because the pending motion on the docket will require the parties to continue requesting extensions of the stay if a settlement is not reached, the Court also sets a settlement conference for the parties to continue their settlement discussions.

## V.  **CONCLUSION**

For the above reasons, the Court **GRANTS** the Joint Motion as follows:

1.     The parties shall participate in an Early Neutral Evaluation and Settlement Conference with Magistrate Judge Karen Crawford on January 10, 2022 at 2:00 p.m.

2.     The instant action, and all proceedings herein, are hereby stayed until February 1, 2022.  Absent good cause, further stays will not be granted.

   **IT IS SO ORDERED.**

 DATED:     December 21, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

3:21-cv-00105-BEN-KSC